J-S45020-20

2020 PA Super 282

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD FRIEDLAND | : | |
| | : | |
| Appellant | : | No. 330 EDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010658-2012,
CP-51-CR-0010659-2012.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD FRIEDLAND | : | |
| | : | |
| Appellant | : | No. 331 EDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0010658-2012,
CP-51-CR-0010659-2012.

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY KUNSELMAN, J.: **FILED DECEMBER 11, 2020**

Edward Friedland appeals from the order denying his first petition filed
pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We
affirm.

The pertinent facts and procedural history are as follows:  While robbing a grocery store, Friedland shot and injured the storeowner, as well as the storeowner's friend, who died of his injuries.  At two separate dockets, Friedland was charged with various crimes, one docket relating to the storeowner, and one relating to the shooting victim.  The Commonwealth consolidated the dockets for a two-day, non-jury trial, resulting in Friedland's conviction of multiple charges, including second-degree murder and robbery. The next day, the trial court sentenced Friedland to an aggregate term of life in prison.  Following the denial of his post-sentence motions, Friedland filed a timely appeal to this Court.  In an unpublished memorandum filed on January 10, 2017, we rejected his challenges to the sufficiency and weight of the evidence supporting his convictions, and affirmed Friedland's judgment of sentence.  **Commonwealth v. Friedland**, 160 A.3d 249 (Pa. Super. 2017). Friedland did not seek further review.

On December 14, 2017, Friedland filed a *pro se* PCRA petition.  In his petition, Friedland specifically requested that counsel **not** be appointed to represent him in his PCRA proceedings.  Accordingly, on May 10, 2018, the PCRA court held a hearing order to determine whether Friedland's waiver of his right to counsel was knowing, intelligent and voluntary.  **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998); Pa.R.Crim.P. 121.  At the conclusion of the hearing, the Court concluded that Friedland's waiver was

knowing, intelligent and voluntary, and therefore, the court permitted him to proceed *pro se*.

The PCRA court summarized Friedland's subsequent court filings as follows:

> Following [his] **Grazier** hearing in May 2018, [Friedland] requested numerous extensions to file an amended PCRA petition, a supplemental petition, and a response to the Commonwealth's Motion to Dismiss, all of which the [PCRA court] granted.  [He] requested another extension on June 7, 2019, to amend his previously submitted petition in order to cure defects, eliminate meritless claims, provide witness certifications, and add new claims.  That request was granted, as was another request for more time filed in August 2019.  [Friedland] then filed another amended petition and supplemental petition in September 2019.  At the direction of the [PCRA court], the Commonwealth responded to all of [Friedland's] numerous claims.
>
> Finally, in November 2019, after considering all of [Friedland's] claims and the Commonwealth's responses thereto, the [PCRA court] issued its [Pa.R.Crim.P.] 907 Notice, rejecting [Friedland's] arguments.  Only then did [Friedland], seeking to start the process anew, ask for a lawyer [in response to the PCRA court's Rule 907 Notice].  Accordingly, not until after the [PCRA court] determined that the claims alleged in [Friedland's] petition were without merit, did [he] request that counsel be appointed.

PCRA Court Opinion, 6/9/20, at 5 (paragraph break added).

By order entered December 12, 2019, the PCRA court denied Friedland's "belated request for counsel", *id.* at 6, and denied his PCRA petition.  Friedland filed timely notices of appeal,[1] and the PCRA court appointed him appellate

---

[1] In accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Friedland has filed a separate notice of appeal at each lower court docket number.

counsel. Both Friedland and the PCRA court have complied with Pa.R.A.P. 1925.

Friedland now raises the following issue:

1. Did the PCRA court err in refusing [Friedland's] request for counsel on a first PCRA petition prior to dismissal of his *pro se* PCRA where [Friedland] indicated prior to dismissal that he needed the "help of an attorney" and could not, "fulfill his burden" while acting *pro se*?

Friedland's Brief at 3.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa. Super. 2019) (citation omitted). "We afford the court's factual findings deference unless there is no support for them in the certified record." **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa. Super. 2019) (citation omitted).

In support of his claim, Friedland emphasizes that a PCRA petitioner is entitled to counsel when litigating his first PCRA petition. Freedland's Brief at 7-8. Here, however, Friedland was afforded the opportunity to have counsel appointed, but requested to proceed without one; following a full Rule 121 colloquy, he waived this right. **See** PCRA Court Opinion, 6/9/20, at 4. **See also Commonwealth v. Figueroa**, 29 A.3d 1177, 1181-82 (Pa. Super. 2011)(remanding for a **Grazier** colloquy to inform a PCRA petitioner who "vehemently denied that he desires legal counsel" that he was entitled to be

represented by counsel and a counseled amended petition when pursuing his first PCRA petition).

As noted by the PCRA court, Friedland is not challenging the adequacy of his Rule 121 waiver. Rather, at issue is whether the PCRA court abused its discretion in denying Friedland's request for the appointment of counsel pursuant to Pa.R.Crim.P. 904. Rule 904 provides, in pertinent part:

> **(C)** Except [for appointment of counsel in death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.
>
> ***
>
> **(E)** The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

Pa.R.Crim.P. 904.

"It is well established that a defendant can waive the right of self-representation after asserting it." ***Commonwealth v. Bryant***, 855 A.2d 726, 737 (Pa. 2004) (citations omitted). With regard to a request to proceed *pro se*, this Court has explained:

> A defendant's request to proceed *pro se* must be timely and unequivocal and not made for the purposes of delay. In reviewing the timeliness of the request to proceed *pro se*, courts generally consider the point in the proceedings that the request is being made. This Court has held that when the request to proceed *pro se* is asserted after meaningful trial proceedings have begun, it is within the discretion of the trial court [to grant or deny the request].

*Commonwealth v. El*, 933 A.2d 657, 662-63 (Pa. Super. 2007) (citations omitted), *affirmed*, 977 A.2d 1158 (Pa. 2009).

We believe the same discretion should be afforded to the PCRA court when a defendant untimely requests counsel during PCRA proceedings. To require the appointment of counsel **after** the PCRA court had conducted a comprehensive Rule 121 colloquy **and** found no merit to Friedland's issues, would inappropriately provide Friedland a second attempt at post-conviction relief. Instead the PCRA court should be able to consider the timeliness of the request and have the discretion to deny it.

Here, the PCRA court found that it properly exercised its discretion when it denied Friedland's request for counsel:

> Whether a defendant who had validly waived his right to counsel in a first PCRA petition may rescind that waiver at some point in the proceedings before the [PCRA court] rejects all of his arguments is not at issue in this appeal. Where, as here, [Friedland] has a change of heart and first requests counsel only after seeing a [Rule] 907 notice, his request for counsel is untimely and may properly be rejected. The purpose of a [Rule] 907 notice is to give a defendant an opportunity to cure technical deficiencies in the PCRA pleadings or submissions and to raise issues as to ineffective assistance of counsel. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012)[.] It is not to give defendant an opportunity to start anew, with a second bite at the apple, after being displeased with the results of his efforts during extensive and lengthy litigation.

PCRA Court Opinion, 6/9/20, at 5.

We discern no abuse of discretion.

In arguing that his initial decision to proceed *pro se* "was not irrevocable," Friedland ignores the timing of his request. ***El***, ***supra***. His reliance upon the United States Supreme Court's decision in ***Faretta v. California***, 422 U.S. 806 (1975), is inapposite. In ***Faretta***, the High Court vacated the defendant's judgment of sentence after holding that he had a constitutional right to proceed without counsel at his state criminal trial when he voluntarily and intelligently elected to do so. ***Faretta***, 422 U.S. 835-36. The Court further concluded that the state cannot force a lawyer upon him when he insisted that he wanted to conduct his own defense. ***Id.***

Friedland cites the following sentence from ***Faretta*** to support his claim that the High Court implicitly ruled that a defendant can "rescind" his request to proceed *pro se*: "Of course, a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of defendant's self-representation is necessary." Friedland's Brief at 9 (citing ***Faretta*** 422 U.S. at 834, n.46).

Unlike the present case, ***Faretta*** dealt with the representation status of a defendant prior to his trial and conviction. Moreover, the footnote where the sentence cited by Friedland appears was discussing the High Court's acknowledgment that "many criminal defendants representing themselves may use the courtroom for deliberate disruption of their trials." ***Faretta***, 422 U.S. at 834, n.46. In this case, Friedland had litigated his *pro se* PCRA petition, and only then sought counsel once the PCRA court issued notice of

its intent to dismiss the petition without a hearing. When viewed in this context, **Faretta** in no way supports Friedland's argument.[2]

Finally, Friedland argues that the PCRA court "seems to have acknowledged" that it was in "the interest of justice" to assist him in the litigation of his PCRA petition, because the court appointed counsel to represent him in this appeal. Friedland's Brief at 9-10. We cannot agree. It is well settled that a PCRA petitioner has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*). Because Friedland clearly requested counsel to aid him in challenging the denial of his PCRA petition, the PCRA court correctly appointed appellate counsel in this case.

In sum, because the PCRA court did not abuse its discretion in refusing Friedland's request for counsel to assist him in re-litigating this matter before the PCRA court, we affirm its order denying him post-conviction relief.

Order affirmed.

---

[2] Friedland also cites **Robinson v. Ignacio**, 360 F.3d 1044, 1058 (9th Cir. 2004), for the proposition a "strong presumption exists that a defendant's post-trial request for assistance [of counsel] should not be refused." **Robinson** did not involve the same procedural posture as this case. Rather, in that case, the defendant waived his right to counsel at trial, but requested counsel to represent him at sentencing.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/11/2020*