J-S21038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
            v.                :
                              :
                              :
DASHAWN SMITH                 :
                              :
            Appellant         :   No. 817 EDA 2020

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000745-2016,
CP-46-CR-0000753-2016, CP-46-CR-0005110-2013

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 21, 2021**

Appellant, Dashawn Smith, appeals, *pro se*, from the order entered

January 31, 2020[1] dismissing his first petition filed under the Post Conviction

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's notice of appeal indicated that he was appealing from the order entered by the PCRA court on February 27, 2020.  On September 14, 2020, this Court issued a rule to show cause why the appeal should not be quashed as it appeared to have been taken from an order which was not entered on the lower court dockets.  In his response to the rule to show cause, Appellant explained that he intended to appeal from the order denying PCRA relief entered on January 31, 2020 but erroneously listed the date of his filing of the notice of appeal as the date of the order from which he appealed.  We have amended the caption in this case to reflect that Appellant's appeal lies from the PCRA court's January 31, 2020 order.  ***See Commonwealth v. Fretts***, 2021 PA Super 198, *2 n.2 (filed October 4, 2021) (observing that a typographical error in a notice of appeal as to the date of the order appealed "may be corrected and does not require dismissal of the appeal").

Relief Act ("PCRA").[2]  We affirm in part, vacate in part, and remand for further proceedings.

This appeal relates to three separate criminal cases for which Appellant was sentenced jointly.  At CP-46-CR-0005110-2013 ("5110-2013"), Appellant was convicted on July 8, 2016, after a stipulated bench trial, of persons not to possess firearms and possession with intent to deliver a controlled substance ("PWID").[3]  On December 14, 2016, Appellant received an aggregate sentence of 6 years and 3 months to 14 years of imprisonment in this matter.

At CP-46-CR-0000753-2016 ("753-2016"), Appellant's suppression motion was denied on September 26, 2016 at which point he proceeded directly to a stipulated non-jury trial.  On that same date, the trial court convicted Appellant of PWID, criminal conspiracy, and resisting arrest.[4]  Appellant was sentenced on December 14, 2016 to an aggregate term of 27 months to 6 years, consecutive to the sentence at 5110-2013.

At CP-46-CR-0000745-2016 ("745-2016"), Appellant entered a guilty plea to criminal trespass[5] on December 14, 2016.  The trial court sentenced Appellant on that date to 3 to 24 months of imprisonment, concurrent with

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 6105(a)(1) and 35 P.S. § 780-113(a)(30), respectively.

[4] 35 P.S. § 780–113(a)(30), 18 Pa.C.S. § 903, and 18 Pa.C.S. § 5104, respectively.

[5] 18 Pa.C.S. § 3503(a)(1)(i).

the sentence at 5110-2013. Therefore, the aggregate sentence imposed by the trial court at the three dockets was 8½ to 20 years imprisonment.

Appellant filed a timely appeal of the three judgments of sentence, and on April 9, 2018, this Court issued a decision affirming the judgments. Appellant sought allowance of appeal with the Pennsylvania Supreme Court, which was denied on April 16, 2019.

On May 1, 2019, the lower court received a letter from Appellant stating as follows:

> Dear William R. Carpenter[6]
>
> I am writing this to [] you asking for all my documents, Affidavit, transcripts for case #   CP-46-CR-0005110-2013
>                              CP-46-CR-0000745-2016
>                              CP-46-CR-0000753-2016
>
> I will like to go Pro se with putting my PCRA in the courts. I don't have any funds in my account and haven't in months. I try to ask my attorney but was unsuccessful with all my trys [sic]. I am deeply sorry for taking time out your day with this. I need everything I am asking for to do my PCRA.

Pro Se Correspondence, Received 5/1/19.

The PCRA court treated this letter as a request for PCRA relief and appointed Robert L. Adshead, Esquire, as counsel to assist Appellant by order entered on September 5, 2019.[7] PCRA counsel was granted two extensions

---

[6] The Honorable William R. Carpenter presided over Appellant's trials and sentencing and these PCRA proceedings.

[7] As the PCRA court recognized in its opinion, it was without jurisdiction to act at the time it received Appellant's letter as the period in which Appellant could
*(Footnote Continued Next Page)*

and on December 30, 2019, submitted a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and requested leave to withdraw from representation of Appellant.[8]

On January 7, 2020, the PCRA court entered an order granting PCRA counsel leave to withdraw and notifying Appellant that the court intended to dismiss his request for PCRA relief in 20 days pursuant to Rule of Criminal Procedure 907. Appellant filed a *pro se* response to the Rule 907 notice, in which he argued that the PCRA court's appointment of counsel violated his

_____

have petitioned the United States Supreme Court for review of his conviction had not yet lapsed. ***See*** PCRA Court Opinion, 1/5/21, at 3; 42 Pa.C.S. § 9545(a), (b)(3); ***Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015); U.S. Sup. Ct. R. 13 (petitions for writ of certiorari may be filed within 90 days of the date of the entry of judgment of state court of last resort). However, the PCRA court did not take immediate action on Appellant's request and waited until after the judgment became final on July 15, 2019 to appoint counsel to represent him.

[8] PCRA counsel's no-merit letter does not appear in the certified records in these matters, although it is included in the Commonwealth's reproduced record filed with this Court. ***See*** Commonwealth's Brief and Reproduced Record at 5a to 16a. While this Court generally may not look beyond the certified record, "we may consider" a document "contained only within the [r]eproduced [r]ecord," when "the accuracy of the reproduction has not been disputed." ***Commonwealth v. Harlan***, 208 A.3d 497, 501 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 52 A.3d 1139, 1145 n.4 (Pa. 2012)). Here, Appellant has not objected to the accuracy of the no-merit letter that appears in the reproduced record, and there is no dispute that he received the letter as he referred to in it his response to the PCRA court's Pa.R.Crim.P. 907 notice and in his appellate brief. Therefore, we consider the substance of the no-merit letter for the purposes of this appeal.

due process and equal protection rights.[9]  On January 31, 2020, the PCRA

court filed an order dismissing Appellant's PCRA petition.  Appellant thereafter

filed this timely, *pro se* appeal.[10]

On appeal, Appellant raises the following issues:

---

[9] The deadline for Appellant's response to the Rule 907 notice was January 27, 2020, but it was not received by the PCRA court until January 31, 2020, the same day that the court entered its order denying him relief.  However, while Appellant's response was not received within 20 days of the Rule 907 notice, it was dated January 25, 2020 and postmarked from Appellant's correctional institution on that same day.  Pursuant to the prisoner's mailbox rule, a submission from an incarcerated litigant is deemed filed on the date that it was deposited in the prison mailing system or handed over to prison officials for mailing.  ***Commonwealth v. Betts***, 240 A.3d 616, 619 n.5 (Pa. Super. 2020).  As Appellant's response to the Rule 907 was deposited in the prison mailing system at the latest on January 25, 2020, within the 20-day deadline, we deem the response to have been timely filed.  ***See id.*** (holding that prisoner's *pro se* response to Rule 907 was timely filed where it contained a certificate of service dated within the 20-day period).

[10] In this appeal, Appellant filed a single notice of appeal listing the docket numbers for each of the three matters addressed in the PCRA court's order.  In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court held that, pursuant to Rule of Appellate Procedure 341, an appellant must file separate notices for each discrete docket that the appellant seeks to appeal, and failure to do so compels the quashal of the appeal.  ***Id.*** at 976-77.  While a strict application of ***Walker*** may seem appropriate from a facial review of Appellant's notice of appeal, we observe that on direct review this Court raised the issue that Appellant had filed a single notice of appeal from judgments at three dockets, ultimately concluding that Appellant's appeal should be permitted to proceed.  ***See Commonwealth v. Smith***, 116 EDA 2017, unpublished memorandum at 4 n.2 (Pa. Super. filed April 9, 2018).  Moreover, on Appellant's filings subsequent to his notice of appeal, including his Pa.R.A.P. 1925(b) statement and docketing statement, Appellant listed only the docket number for the 753-2016 matter and he has raised appellate issues solely related to that conviction.  Under these circumstances, we decline to quash this appeal.

1. Whether the lower court abused its discretion, exceeded its authority and jurisdiction when it construed a letter sent by [Appellant] to the court seeking documents as a PCRA petition?

2. Whether PCRA counsel abandoned his duty under 42 Pa.C.S. § 9541 et seq. by failing to raise the following ineffective assistance of counsel claims:

(a). Trial counsel was ineffective for misleading [Appellant] into admitting guilt (i.e. signing a "stipulated bench trial agreement" and participating in a "stipulated bench trial" which is now being construed as a "guilty plea") thereby depriving [Appellant] of his constitutional right to a fair trial and relieving the Commonwealth of its burden of persuading the factfinder "beyond a reasonable doubt" of the facts necessary to establish each element of the charges.

(b). Trial counsel was ineffective for failing to investigate and interview Melissa Griffin concerning facts relevant to [Appellant's] innocence of conspiracy to possess with intent to deliver, and possession with intent to deliver.

(c). Trial counsel was ineffective for failing to move to suppress the evidence in this case obtained as a result of the illegal nighttime searches conducted at 3 W. 4th St. and 416 E. Vine St.

3. Whether this case should be remanded to the lower court for the proper filing of a PCRA petition, consideration of the ineffective assistance of counsel claims, and an evidentiary hearing?

Appellant's Brief at 4-5 (lower court disposition and unnecessary capitalization omitted).[11]

We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and its legal conclusions are free of error. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa.

_____

[11] Appellant included a fourth appellate issue in his brief addressing this Court's September 14, 2020 rule to show cause order, which we have previously addressed in this decision. *See infra* footnote 1.

2020). When supported by the record, the PCRA court's factual findings and credibility determinations are binding on this Court, but we review the lower court's legal conclusions under a *de novo* standard of review. **Id.** Our scope of review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the Commonwealth, the party who prevailed below. **Id.**

Appellant first argues that the PCRA court "lacked authority, jurisdiction, and abused its discretion" by appointing PCRA counsel on his behalf and depriving him of the opportunity of preparing and filing his own *pro se* PCRA petition.[12] Appellant's Brief at 15. Appellant claims that the PCRA court misinterpreted his May 1, 2019 letter as he was not in fact asking for the assistance of counsel to file a PCRA petition on his behalf and instead he only sought transcripts and other documents from his cases. Appellant contends that the PCRA court's action in appointing counsel and PCRA counsel's hasty submission of the no-merit letter in the end deprived him of the full year as to which he was entitled under the PCRA to marshal the relevant evidence and

---

[12] Appellant's argument that the PCRA court lacked jurisdiction to appoint PCRA counsel is based on the fact that Appellant's May 1, 2019 letter was received by the PCRA court prior to his judgments of sentence becoming final and therefore prior to the date upon which he could seek PCRA relief. **See** 42 Pa.C.S. § 9545(a), (b)(3); **Harris**, 114 A.3d 1, 6. However, as explained above, **see infra** note 7, while the PCRA court lacked jurisdiction to act on Appellant's *pro se* letter to the court when it was received, the PCRA court did not take action at that time and instead waited until Appellant was eligible for PCRA relief after July 15, 2019.

prepare his petition. Appellant therefore seeks the reversal of the PCRA court's order and a remand to allow him to file a *pro se* petition.

Under Rule of Criminal Procedure 904(C), "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). An indigent criminal defendant thus has a rule-based right to the assistance of counsel on his first PCRA petition. **See Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019); **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2017). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Kelsey**, 206 A.3d at 1139 (citation omitted). The importance of the right to counsel in a first PCRA petition "cannot be diminished merely due to its rule-based derivation" as "important rights and defenses may be forever lost" if the petitioner is denied the right to counsel. **Commonwealth v. Robinson**, 970 A.2d 455, 458-59 (Pa. Super. 2009) (*en banc*).

"When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner**/**Finley**." **Cherry**, 155 A.3d at 1083. Where counsel seeks to withdraw under **Turner**/**Finley**, he must file a no-merit letter detailing his

review of the case and his explanation why each of the issues the petitioner seeks to raise are meritless. *Kelsey*, 206 A.3d at 1139. If counsel fails to file an adequate no-merit letter, the PCRA court's subsequent "dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition." *Id.*

While an indigent PCRA petitioner has the right to counsel for his first petition, he also has a constitutional right to represent himself in the PCRA proceedings. *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998); *Robinson*, 970 A.2d at 457-58. Pursuant to *Grazier*, in cases where a petitioner makes a "timely and unequivocal request" to proceed *pro se* and counsel has not already withdrawn through the *Turner*/*Finley* procedure, a PCRA court may not "simply deny the request and refer the matter to counsel." *Grazier*, 713 A.2d at 82; *see also Robinson*, 970 A.2d at 459-60. Instead, the PCRA court must hold a hearing and colloquy the petitioner in order to ascertain that the waiver was knowing, voluntary and intelligent and that the petitioner "understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training." *Robinson*, 970 A.2d at 459-60.

In this matter, the PCRA court concluded that Appellant's claim that the court misinterpreted his May 1, 2019 letter was meritless and that, in any event, Appellant suffered no prejudice from the appointment of counsel. PCRA Court Opinion, 1/5/21, at 5.

>The *pro se* correspondence dated May 1, 2019, set out [Appellant's] desire to seek PCRA relief and to have the assistance of counsel to do so. Based upon this communication, this Court appointed PCRA counsel to do just that, assist [Appellant] with a PCRA petition. PCRA counsel [conferred] with [Appellant] regarding the claims he wanted to raise in his petition. PCRA counsel "[c]omm[un]icated with [Appellant] by letter and also spoke to [Appellant] by telephone about [his] claims." **See**, No-Merit Letter dated December 30, 2019 at paragraph 5. Accordingly, [Appellant] had an opportunity to convey to PCRA counsel the claims he wished to have raised. PCRA counsel, because he found these issues to be meritless, was required under the law to file a no-merit letter, rather than pursue meritless claims. [Appellant] had the full benefit of counsel for his first PCRA request. [Appellant] suffered no prejudice because [] this Court appointed counsel based upon the *pro se* correspondence rather than to have waited for [Appellant] to file [a] *pro se* PCRA petition, and then appoint counsel.

*Id.* at 5-6.

We ascertain no error or abuse of discretion in the PCRA court's handling of Appellant's May 1, 2019 *pro se* correspondence. While Appellant's letter indicated that he would "like to go Pro se with putting [his] PCRA in the courts," he also indicated that he had already sought assistance from his prior attorneys with no response and that he lacked funds to pursue an appeal. *Pro Se* Correspondence, Received 5/1/19. Facing this ambiguous request, the PCRA court appropriately determined that Appellant should be afforded the assistance of counsel in preparing his petition, a right guaranteed to him by Rule of Criminal Procedure 904(C). Furthermore, as set forth in the no-merit letter, Appellant communicated with PCRA counsel regarding potentially meritorious claims pertaining to his convictions, and Appellant did not express to the PCRA court any displeasure with his counsel's representation of him at

any point prior to counsel's submission of the no-merit letter such that the court would have been required to conduct a *Grazier* hearing. Rather, it was only in his response to the Rule 907 notice that Appellant asserted that his intention all along was to renounce his right to counsel and prepare his own PCRA petition. Following the issuance of Rule 907 notice, the PCRA court was under no obligation to give Appellant "an opportunity to start anew, with a second bite at the apple, after being displeased with the results" of his appointed counsel's initial efforts to litigate his PCRA claim. *Cf. Commonwealth v. Friedland*, 243 A.3d 740, 744 (Pa. Super. 2020) (citation omitted) (affirming PCRA court denial of request by PCRA petitioner for appointed counsel on his first petition where petitioner had already waived his right to counsel and fully litigated his petition *pro se* and request for counsel was only made after Rule 907 notice had been issued). Therefore, Appellant is not entitled to relief on his first issue.

In his second and third issues, Appellant asserts that PCRA counsel was ineffective by virtue of the fact that he ignored several claims as to the ineffectiveness of the performance of his trial counsel at the 753-2016 docket. Appellant raises three PCRA ineffectiveness claims. First, he argues that PCRA counsel was ineffective for failing to raise the issue that trial counsel misled him to waive his right to a jury trial and present evidence on his behalf and instead proceed to a stipulated bench trial, which was the functional equivalent

of a guilty plea.[13]  Second, Appellant claims that PCRA counsel was ineffective

for not addressing trial counsel's failure to interview Melissa Griffin and call

her as a witness.  Finally, Appellant contends that PCRA counsel should have

presented an ineffectiveness claim based upon trial counsel's failure to object

to the fact that the search of the residence at 3 West 4th Street in Pottstown

occurred at night and that officers lacked authority for a protective sweep of

the residence.  Appellant contends that he brought these issues to the

attention of PCRA counsel who failed to raise them despite the fact that they

were clearly meritorious.[14]  Appellant requests that this Court remand to allow

---

[13] In **Commonwealth v. Eichinger**, 108 A.3d 821 (Pa. 2014), our Supreme Court held that where "a defendant stipulates to evidence that virtually assures his conviction[,] such a stipulation is functionally the same as a guilty plea." **Id.** at 832.  In such cases, the trial court must colloquy the defendant to ensure that he has made a "knowing and voluntary decision" and had a full understanding of the nature and consequences of stipulating to evidence that had the same effect as a plea.  **Id.**; **see also Commonwealth v. Davis**, 322 A.2d 103, 105 (Pa. 1974) (providing that an extensive colloquy is necessary where a stipulation "made the outcome [of the trial] a foregone conclusion").

[14] In an effort to avoid a finding of waiver for failure to include the claims in his Rule 907 response under then-extant case law, Appellant argues that his arguments as to PCRA counsel's performance were not in fact ineffective assistance claims, but rather he was contending that PCRA counsel "abandoned his duty" to him, thereby depriving him of his right to counsel for his first PCRA petition.  Appellant's Brief at 19-20.  However, it is clear to this Court that, despite Appellant's attempt to style his appellate arguments as one of complete abandonment of PCRA counsel's duties, they are in fact premised on PCRA counsel's purported ineffectiveness for failing to raise potentially meritorious claims.  **Se Commonwealth v. Bradley**, ___ A.3d ___, No. 37 EAP 2020 (Pa. filed October 20, 2021), slip op. at 4 (treating arguments raised on appeal from denial of PCRA petition that PCRA counsel failed to include potentially meritorious claims as to trial and direct appeal counsel's alleged ineffectiveness as PCRA counsel ineffectiveness claims).

for the PCRA court to conduct an evidentiary hearing concerning his ineffectiveness claims.

In assessing a claim of ineffective assistance under the PCRA, we begin our analysis with the presumption that counsel has rendered effective assistance. ***Commonwealth v. VanDivner***, 178 A.3d 108, 114 (Pa. 2018). To overcome that presumption, the convicted defendant must establish each of the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

***Id.*** "Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, a court need not analyze the elements in any particular order. Failure to satisfy one element is dipositive." ***Commonwealth v. Hairston***, 249 A.3d 1046, 1062 (Pa. 2021).

Appellant raises "layered" ineffectiveness claims in this appeal, and as such he must demonstrate that PCRA counsel "was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action." ***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citation omitted). Furthermore, Appellant must demonstrate through his argument that the three prongs of the ineffectiveness test are satisfied as to each relevant layer of representation. ***Id.***

The PCRA court found that Appellant waived the challenges to the effectiveness of his PCRA counsel as they were not included in a response to the Rule 907 notice. **See** PCRA Court Opinion, 1/5/21, at 6. While this determination was correct under the law at the time the PCRA court filed its opinion, our Supreme Court recently disapproved of the prior procedure for enforcing the right to effective counsel under the PCRA in **Commonwealth v. Bradley**, ____ A.3d ____, No. 37 EAP 2020 (Pa. filed October 20, 2021). In **Bradley**, the Court "reject[ed] the current Rule 907 procedure by which a petitioner may raise claims of ineffective assistance of PCRA counsel as unworkable" and "functionally unsound." **Id.**, slip op. at 28, 40. Instead, the Court "offer[ed] a modified and flexible [] approach allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [after obtaining new counsel or acting *pro se*], even if on appeal," finding that "this approach best recognizes a petitioner's right to effective PCRA counsel while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." **Id.**, slip op. at 40.

Here, Appellant raised his claims of PCRA counsel ineffectiveness in his brief to this Court on appeal, his "first opportunity" to do so. **Id.** We additionally note that Appellant raised his three PCRA counsel ineffectiveness claims in his Pa.R.A.P. 1925(b) statement. Therefore, Appellant has not waived his PCRA counsel ineffectiveness claims. **Id.**

In **Bradley**, the Supreme Court further stated:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

*Id.*, slip op. at 34-35 (citations, brackets, and quotation marks omitted).

We conclude that remand is necessary for the resolution of Appellant's PCRA claims. Appellant has presented more than "mere boilerplate assertions of PCRA counsel's ineffectiveness." *Id.*, slip op. at 34 (citation and quotation marks omitted). However, we note that the transcript of Appellant's suppression hearing and stipulated bench trial in the 753-2016 matter is absent from the certified record in this appeal. Therefore, we are unable to evaluate whether Appellant knowingly and voluntarily waived his rights to a trial by a jury of his peers and his right to confront witnesses against him, as well as whether he had a full understanding of the nature and consequences of his decision to proceed to a stipulated bench trial. We are also unable to address the potential merit of the suppression issues that Appellant asserts should have been raised by trial counsel. Furthermore, Appellant's arguments in part relate to issues of trial counsel's pre-trial investigation into potential defense witnesses, a matter which may require a hearing to further develop the record.

Accordingly, we affirm the PCRA court's order denying Appellant PCRA relief at 5110-2013 and 745-2016.  We vacate the PCRA court's order with respect to 743-2016 and remand for further proceedings to allow the PCRA court to address the three claims of PCRA counsel ineffectiveness that Appellant has raised in this appeal.  On remand, the PCRA court shall conduct such further proceedings and make appropriate findings of fact and conclusions of law as necessary to adequately address the ineffectiveness claims.

Order affirmed in part and vacated in part.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021