J-S39025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL SMITH | : | |
| | : | |
| Appellant | : | No. 2928 EDA 2024 |

Appeal from the PCRA Order Entered September 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011567-2013

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 26, 2026**

Appellant Khalil Smith appeals from the order dismissing his serial Post-Conviction Relief Act[1] (PCRA) petition without a hearing.  On appeal, Appellant claims that the PCRA court erred by denying his claims of ineffective assistance of trial counsel.  After review, we reverse and remand for further proceedings consistent with this memorandum.

The facts of this case are as follows:

On August 6, 2013, at approximately 11:00pm, Philadelphia Police Officers Robert McCuen, John Terry, and Anthony Mooney were in plain clothes and traveling in an unmarked vehicle on the 3500 block of North 18th Street when they observed a silver Nissan Altima that was double-parked in the only lane of travel.  Officer McCuen, who was driving the unmarked police vehicle, stopped his vehicle approximately one car length behind the Altima. Another vehicle was stopped in front of the Altima at the comer of the block.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

While waiting for the Altima to proceed, Officer McCuen saw [Appellant] walking on the driver's side of the street and facing his direction. [Appellant] was walking back from the vehicle that was stopped in front of the Altima. As [Appellant] approached the driver's side door of the Altima, he was still facing the direction of the police officers. [Appellant] then looked toward the unmarked police vehicle. At this point, Officer McCuen observed a black handgun in [Appellant's] right hand. Officer McCuen then observed [Appellant] place the handgun into the waistband of his gray sweatpants at his mid-abdomen. [Appellant] then opened the door and entered the Altima.

When he was making these observations, Officer McCuen testified that the area where the vehicles were stopped was well-lit and that the police vehicle's high-beam headlights were on. He was also approximately 15 feet away from [Appellant] when he observed [Appellant] with the firearm. Office Mooney, who was seated in the rear of the police vehicle, testified that he heard both Officers McCuen and Terry say that they observed [Appellant] place a gun in his waistband.

After following the Altima for one-and-a-half blocks, the officers stopped the Altima for investigation. Three males were inside the vehicle, and [Appellant] was in the driver's seat. As Officer McCuen approached the Altima from the driver's side, he observed [Appellant] making movements. Specifically, Officer McCuen observed [Appellant] lean toward the middle of the vehicle. As [Appellant] leaned toward the middle, the back-seat passenger leaned forward between the two front seats. When Officer Mooney approached the Altima, he had a clear view of the occupants through the rear window. Officer Mooney observed [Appellant] lean right toward the center of the vehicle. At the same moment, the back-seat passenger leaned forward toward the center console.

During the vehicle stop, Officer Mooney searched the vehicle and recovered a black, loaded .32–caliber revolver underneath an article of clothing that was located between the middle seat and the seat behind the driver. The gun was located to the immediate left of the rear passenger. Officer McCuen testified that the gun recovered from the rear of the vehicle was the same gun that he observed in [Appellant's] right hand prior to entering the Altima.

[Appellant] called Brian Bosket as a defense witness. Bosket was the passenger in the front seat of the Altima. At trial, Bosket

- 2 -

testified that he was aware that a gun was recovered from the Altima but denied that he saw [Appellant] with the gun. Bosket testified that the back-seat passenger was in possession of the gun. On cross-examination, Bosket acknowledged that he uses several aliases.

PCRA Ct. Op., 2/7/25, at 1-2 (citations omitted).

Following a jury trial, Appellant was convicted of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets or property in Philadelphia.[2] The trial court sentenced Appellant to an aggregate sentence of eight and a half to seventeen years' imprisonment. Appellant filed timely post-sentence motions and a direct appeal. This Court affirmed Appellant's judgment of sentence on October 19, 2016. *See Commonwealth v. Smith*, 1881 EDA 2015, 2016 WL 6122077, at *1 (Pa. Super. filed Oct. 19, 2016) (unpublished mem.). Our Supreme Court denied Appellant's petition for allowance of appeal on March 22, 2017. *See Commonwealth v. Smith*, 499 EAL 2016, 169 A.3d 18 (Pa. 2017).

On March 14, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Judge Hall, Esq. to represent Appellant. Attorney Hall filed an amended PCRA petition on September 17, 2020. On February 4, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The trial court dismissed Appellant's PCRA petition on March 11, 2022.

_____

[2] 18 Pa.C.S. §§ 6105, 6106, and 6108, respectively.

On December 7, 2023, Appellant filed  the instant *pro se* PCRA petition, his second.  In a *pro se* memorandum of law in support of his second PCRA petition, Appellant claimed that the PCRA court never dismissed his first PCRA petition and that, as such, the instant PCRA petition should be considered "a second 'amendment' to the unadjudicated initial petition filed by [Appellant], and the amended petition filed by [Attorney Hall]."  Mem. in Support of PCRA Petition, 12/7/23, at 1 (unpaginated) (citing **Commonwealth v. Flanagan**, 854 A.2d 489 (Pa. 2004)).  On June 7, 2024, the PCRA re-appointed Attorney Hall to represent Appellant.  Less than a week later, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the instant PCRA petition without a hearing.  On September 13, 2024, the PCRA court entered an order purporting to dismiss Appellant's "*Pro Se* Petition filed March 14, 2018 and . . . Amended PCRA Petition filed September 17, 2020."  **See** PCRA Ct. Order, 9/13/24.

Appellant filed a timely *pro se* notice of appeal.  The PCRA court did not order Appellant to file a Rule 1925(b) statement.  The PCRA court filed a Rule 1925(a) opinion on February 7, 2025.

On appeal, Appellant raises the following claims for our review:

1. Did the PCRA court err in dismissing [Appellant's] PCRA petition where [Appellant] pled and proved trial counsel was constitutionally ineffective by failing to investigate or call a witness at trial[?]

2. Did the PCRA court err in dismissing [Appellant's] PCRA petition where [Appellant] pled and proved that trial counsel was constitutionally ineffective by sanction through the Disciplinary Board[?]

3. Did the PCRA court err in dismissing [Appellant's] PCRA petition where [Appellant] pled and proved that trial counsel was constitutionally ineffective for not objected to trial court used discretion and imposed an illegal sentence[?]

Appellant's Brief at 1 (some formatting altered).

Before we can address Appellant's claims on appeal, we must address an issue regarding Appellant's right to counsel in his first PCRA petition. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011).

"It is well settled that a PCRA petitioner has a right to representation of counsel for purposes of litigating a first PCRA petition **through the entire appellate process**." *Commonwealth v. Friedland*, 243 A.3d 740, 744 (Pa. Super. 2020) (emphasis added); *see also* Pa.R.Crim.P. 904(c), (f)(2). "[O]nce counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." *Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa. Super. 2005).

Further, "[b]efore an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of *Turner*/*Finley*."[3] *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (citation omitted); *see also Commonwealth v. Willis*, 29 A.3d 393, 400 (Pa. Super. 2011). The holdings of *Turner*/*Finley* "mandate an

_____

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal." *Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa. Super. 2014). Unless the PCRA court accepts counsel's *Turner*/*Finley* letter and permits PCRA counsel to withdraw, an appellant is entitled to the appointment of counsel on appeal. *Compare Commonwealth v. Gibson*, 318 A.3d 927, 933 (Pa. Super. 2024) *with White*, 871 A.2d at 1294 *and Friedland*, 243 A.3d at 744.

Additionally, while a timely appeal must be filed within thirty days from the date of the order being appealed and an appellate court cannot extend the time for filing an appeal, "this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 497-98 (Pa. Super. 2007).

Here, during the litigation of Appellant's first PCRA petition, Attorney Hall filed an amended petition rather than a *Turner*/*Finley* letter. *See* Amended Petition, 9/17/20. The PCRA court issued a Rule 907 Notice on February 4, 2022. *See* Rule 907 Notice, 2/4/22. Thereafter, the PCRA court dismissed Appellant's PCRA petition without a hearing. *See* Trial Ct. Order, 3/11/22. However, when dismissing Appellant's first PCRA petition, the trial court incorrectly advised Appellant that he "may proceed *pro se* or with retained counsel; no new counsel is to be appointed." *Id.*; *see Friedland*, 243 A.3d at 744; *White*, 871 A.2d at 1294. Further, nothing in the record

suggests that Attorney Hall was granted leave to withdraw.[4]  As Attorney Hall was never granted leave to withdraw, he remained Appellant's counsel of record and, therefore, the PCRA court erred in stating that Appellant was no longer entitled to counsel on appeal.

As noted previously, Appellant filed the instant PCRA petition on December 7, 2023.  Therein, Appellant claimed that his first PCRA petition was "yet to be adjudicated by the PCRA court, effectively denying [him] meaningful review of his 'initial' PCRA petition."  Mem. in Support of PCRA Petition, 12/7/23, at 1 (unpaginated).  Appellant also claimed that the PCRA court failed to enter an order denying his first PCRA petition.  *See id.* at 2 (unpaginated).  Thereafter, the PCRA court reappointed Attorney Hall to represent Appellant.[5]  *See* PCRA Ct. Order, 6/7/24.  However, before Attorney Hall filed anything on

---

[4] We note that there is no indication in the record that Appellant desired to proceed *pro se* and, in any event, there is no indication that the PCRA court held a hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if any such waiver of counsel was knowing, intelligent, and voluntary.

[5] Typically, a PCRA petitioner is not entitled to the appointment of counsel for a subsequent petition.  **Commonwealth v. Jackson**, 965 A.2d 280, 283 (Pa. Super. 2009).  However, while the reason for the appointment is not clear from the record, we note that a PCRA court "shall appoint counsel to represent a defendant whenever the interests of justice require it."  **See** Pa.R.Crim.P. 904(E).  In such scenarios, "counsel has an obligation to represent [his or] her client through an appeal or seek leave of the court to withdraw, even when the case involves a second PCRA petition."  **See Commonwealth v. Scholl**, 1328 MDA 2022, 2023 WL 7104445, at *1 n.2 (Pa. Super. filed Oct. 27, 2023) (unpublished mem.) (citing **Jackson**, 965 A.2d at 284); **see also** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

Appellant's behalf, the PCRA court issued a Rule 907 notice that was nearly identical to the notice filed during the litigation of Appellant's first PCRA petition. **Compare** Rule 907 Notice, 6/13/24 **with** Rule 907 Notice, 2/4/22. The PCRA court then entered an order purporting to dismiss Appellant's **first** PCRA petition. **See** PCRA Ct. Order, 9/13/24 (stating that the order was dismissing "[Appellant's] *Pro Se* Petition filed March 14, 2018 and [Appellant's] Amended PCRA Petition filed September 17, 2020"). Again, the PCRA court misadvised Appellant that he "may proceed *pro se* or with retained counsel; no new counsel is to be appointed." **Id.**; **see Friedland**, 243 A.3d at 744; **White**, 871 A.2d at 1294; **Scholl**, 2023 WL 7104445, at *1 n.2.

On this record, we are constrained to conclude that Appellant was abandoned by counsel during the litigation of both his first and the instant PCRA petition. Further, we find that there was a breakdown in the processes of the PCRA court when it misadvised Appellant regarding his appellate rights with respect to the first PCRA petition. The error created by counsel's abandonment and the breakdown of the PCRA court's operations was then compounded by the reappointment of Attorney Hall after Appellant filed the instant PCRA petition, dismissal of the instant PCRA petition before Attorney Hall filed anything on Appellant's behalf, and, the PCRA court's misadvise about Appellant's PCRA appellate rights with respect to the instant PCRA petition.

Accordingly, on this record, to protect Appellant's PCRA appellate rights, and in the interest of justice, we conclude that the appropriate remedy is to

reinstate Appellant's right to appeal from his first PCRA petition. *See Patterson*, 940 A.2d at 497-98; *see also Commonwealth v. Walter*, 607 MDA 2021, 2022 WL 909601 (Pa. Super. filed Mar. 29, 2022) (unpublished mem.) (reinstating appellate rights for a first PCRA petition on appeal from the denial of a third PCRA petition where a series of procedural breakdowns interfered with the petitioner's appellate rights for his first PCRA petition).

Since we conclude that Appellant was abandoned by counsel and that there was a breakdown in the processes of the PCRA court, we therefore do the following: (1) vacate the instant order, (2) vacate the March 11, 2022 order dismissing Appellant's first PCRA petition, and (3) reinstate Appellant's right to appeal from the dismissal of his first PCRA petition. Additionally, we remand for the appointment of new counsel to assist Appellant with the appeal from his first PCRA petition.[6] Once new counsel has been appointed for Appellant, the PCRA court shall reenter its order dismissing Appellant's first PCRA. Appellant shall have thirty days to appeal from the PCRA court's order.

September 13, 2024 order vacated. March 11, 2022 order vacated. Case remanded with instructions. Jurisdiction relinquished.[7]

---

[6] Alternatively, should Appellant desire to proceed *pro se* on appeal, the PCRA court may hold a ***Grazier*** hearing to determine if Appellant's waiver of counsel is knowing, intelligent, and voluntary.

[7] Because we remand for the appointment of new counsel and the reinstatement of Appellant's right to appeal from the denial of his first PCRA petition, we do not address the merits of Appellant's claims on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/26/2026</u>